IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENEEN L. WILLIAMS | : | CIVIL ACTION |
| v. | : | |
| JO ANNE B. BARNHART, | : | NO. 05-5484 |
| Commissioner of the Social | : | |
| Security Administration | : | |

### ORDER

Upon consideration of Magistrate Judge Scuderi's Report and Recommendation, plaintiff's objections thereto, and the parties' cross motions for summary judgment, I hold that the Administrative Law Judge's determination was supported by substantial evidence. With respect to plaintiff's objection argument that this case should be remanded because the ALJ did not discuss the significance of plaintiff's GAF score of 55, the ALJ's failure in this regard did not constitute an error of law; although the ALJ cited only to the page of plaintiff's August 2004 psychological report on which the GAF score is stated, the ALJ reviewed the entire psychological report upon which her GAF number was based and discussed the doctor's views of her psychological status: "her affect was appropriate, speech was normal and relevant, insight and judgment were normal, she was capable of abstract thinking, her calculation was good, and attention was normal. The only positive finding was a depressed mood." The ALJ properly found that notwithstanding plaintiff's depressed mood "[t]here is no evidence that she has any significant limitations in her ability to perform her activities of daily living, maintain social functioning, or concentrate and persist at tasks due to depression," and thus that there was no evidence to support a finding of a severe impairment.

Plaintiff cites four cases in support of her position.  See Colon v. Barnhart, --- F. Supp. 2d ---, No. 05-1541, 2006 WL 782434 (E.D. Pa. Mar. 24, 2006) (Baylson, J.) (finding that the ALJ's conclusion that plaintiff "can engage in a limited range of medium work with certain non-exertional limitations [was] not based upon substantial evidence" because the ALJ only discussed two of plaintiff's twelve GAF scores and failed to discuss plaintiff's two lowest GAF scores of 50); Thompson v. Barnhart, No. 05-0395, 2006 WL 709795 (E.D. Pa. Mar. 15, 2006) (Pratter, J.) (holding that "the ALJ erred by not explaining in his decision how the GAF evidence was evaluated" because a GAF score of 50 was inconsistent with the ALJ's determination that plaintiff's "treatment notes from therapy sessions from 1999 to 2001 do not document significant symptoms or limitations related to her mental impairments."); Span v. Barnhart, No. 02-7399, 2004 Wl 1535768 (E.D. Pa. May 21, 2004) (Baylson, J.) (finding that the ALJ's reliance upon a doctor's findings to conclude that plaintiff's condition did not constitute a disability was not supported by substantial evidence because the ALJ failed to explain how he weighed and discounted the significance of plaintiff's GAF scores, all of which were below 50); Escardille v. Barnhart, No. 02-2930, 2003 WL 21499999 (E.D. Pa. Jun. 24, 2003) (Giles, J.) (remanding case to ALJ because the ALJ failed to evaluate a physician's report which stated that plaintiff had a GAF score of 50).

However, these cases are distinguishable from the present case on three grounds.  In Colon, Thompson, Span, and Escardille this Court held that the ALJs' determinations were not supported by substantial evidence because: (1) the ALJs failed to review plaintiffs' multiple psychological evaluations and low GAF scores; (2) those GAF scores suggested significant psychological impairments; and (3) the low GAF scores were inconsistent with the ALJs'

determinations that plaintiffs did not suffer from any severe mental impairments. By contrast, the ALJ's failure to discuss plaintiff's GAF score in this case does not preclude a finding that the ALJ's determination is supported by substantial evidence because: (a) plaintiff only had one psychological evaluation and thus only one GAF score; (b) plaintiff's GAF score is higher than those in Colon, Thompson, Span, and Escardille and suggests only moderate symptoms or moderate difficulty in social or occupational functioning; and (c) the ALJ's determination that plaintiff did not suffer from any severe mental impairments is not inconsistent with a GAF score of 55.

With respect to the remainder of plaintiff's objection arguments, they are addressed specifically in Judge Scuderi's Report and Recommendation. I agree with Judge Scuderi' conclusions and find that the ALJ's disability determination was supported by substantial evidence.

AND NOW, this 31st day of May 2006, it is ORDERED as follows:

1. The Report and Recommendation is APPROVED and ADOPTED.
2. Plaintiff's motion for summary judgment is DENIED.
3. Defendant's motion for summary judgment is GRANTED and judgment is entered in favor of defendant, Jo Anne B. Barnhart, Commissioner of the Social Security Administration, and against plaintiff, Deneen L. Williams.

                         s/ Thomas N. O'Neill, Jr.
                         THOMAS N. O'NEILL, JR., J.